UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-167-1-F
No. 5:09-CV-219-F

| | |
|---|---|
| MARK NATHANIEL HOPE,<br>      Movant, | )<br>)<br>) |
| v. | )      <u>O R D E R</u><br>) |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>) |

This matter is before the court on movant Mark Nathaniel Hope's ("Hope") motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [DE-45]. The Government has moved to dismiss [DE-51] the § 2255 motion, and Hope has filed both a Response [DE-59] and a notice of Supplemental Authority [DE-60].

FACTUAL BACKGROUND

According to the Government's version of the offense conduct, after a foot chase by Fayetteville Police officers, Hope was captured and found to be in possession of 10.7 grams of crack cocaine and a sum of money. Thereafter, officers conducted surveillance on Hope's residence and observed a heavy volume of brief visits to the house. About a month later, when officers appeared at Hope's residence to execute a search warrant, Hope was seated on a sofa with a bag of marijuana and more than $1,100 in cash on his person; behind the sofa was a loaded shotgun that was identified later as stolen. Drug paraphernalia and ammunition also were seized from the residence, together with 77.3 grams of marijuana.

On June 26, 2006, Hope was indicted on one count of possession of a firearm by a felon pursuant to 18 U.S.C. § 922(g). The Indictment also contained an Allegation of Prior Convictions, stating that Hope had three prior convictions of violent felonies and/or serious drug offenses. On May 14, 2007, Hope pled guilty to the single count pursuant to a written plea

agreement, *see* [DE-27]. On August 8, 2007, the undersigned heard defense counsel's objections to the Presentence Report, overruled them, and determined that Hope qualified as an armed career criminal for purposes of 18 U.S.C. § 924(e). Hope received a 210-month sentence of imprisonment and other penalties. *See* [DE-29].

Hope filed a timely notice of appeal [DE-30]. His appointed counsel filed an *Anders* brief, and Hope filed his own *pro se* merits brief with the Fourth Circuit Court of Appeals. A unanimous panel affirmed Hope's sentence [DE-41], *see United States v. Hope*, No. 07-4806 (4th Cir. April 1, 2008). Hope did not file a petition for certiorari with the United States Supreme Court.

Rather, Hope filed the instant § 2255 petition [DE-45] and a memorandum in support of that motion [DE-46] on May 20, 2009. Hope's § 2255 motion raises three interrelated arguments contending his attorney provided constitutionally-deficient counsel, entitling him to be resentenced. First, Hope maintains that his attorney was ineffective by failing to object to a recommended four-level sentencing enhancement pursuant to advisory U.S.S.G. § 2K2.1(b)(5), for possessing a firearm in connection with another felony offense. Second, he claims that his attorney failed to object to the Presentence Report's representation of his criminal history and thereby failed to challenge his characterization as an armed career criminal. Third, Hope claims that his attorney provided deficient counsel by failing to challenge the sentencing guideline calculation relating to offense level and criminal history.

In order to establish an ineffective assistance of counsel claim . . . [a petitioner must] establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different," *id.* at 694. Unless both showings are made, "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The simple standard for assessing an attorney's competence is whether his "assistance was reasonable considering all the circumstances." *Id.* at 688. The judgments of counsel based on a "thorough investigation of the law and the facts," are "virtually unchallengeable," *id.* at 690. This determination of reasonableness requires a "context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Id.* at 688; *accord Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).

> Furthermore, *Strickland* requires that,
>
> > judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted).

If an inmate seeking relief on grounds of ineffective assistance identifies the acts or omissions of counsel that he claims did not result from reasonable professional judgment, the reviewing court's task is to determine whether, in light of all the

3

circumstances, those identified acts or omissions were outside the wide range of professionally competent assistance. "In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Orbe v. True*, 82 Fed. Appx. 802, 812-13 (4th Cir. 2003).

## ANALYSIS

A. <u>Advisory USSG § 2K2.1(b)(5) Enhancement</u>

Hope first contends that his counsel failed to provide effective assistance because counsel failed to object to the United States Probation Office's ("USPO") recommended four-point enhancement in light of Hope's "use or possession of any firearm or ammunition in connection with another felony offense." The court adopted the USPO proposed finding that Hope had used or possessed the loaded stolen shotgun in connection with the felony offense of possession 77.3 grams of marijuana and assorted drug paraphernalia. *See* Presentence Report ("PSR") ¶ 50.

Hope's argument in this respect is lengthy and detailed in its discussion of case law interpreting § 2K2.1(b)(5), but none of the discussion relates to the particular facts of his case. Only in a footnote does Hope acknowledge that the purported "other" felony offense was his possession of 77.3 grams of marijuana and drug paraphernalia seized pursuant to the search warrant of his residence. He claims in the footnote that the USPO wrongly attributed the full quantity of marijuana to him, and that the marijuana belonged to his roommate. He suggests that his lawyer should have contested

4

attribution of that evidence to him as a basis for the four-point enhancement, because he was not responsible for a "felony" amount of marijuana.

Hope's trial attorney made a strategic decision not to mount such a losing battle, but to concentrate instead in attacking the armed career offender designation. A lawyers' strategic decisions on behalf of his client are not often subject to second-guessing by a reviewing court. *See, e.g., DeCastro v. Branker*, 642 F.3d 442,451 (4th Cir. 2011) (observing that " '[c]ounsel was entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies' " (quoting *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 788-89 (2011))). Rather, Hope's counsel focused at sentencing on legal arguments that he deemed at least plausible grounds for objection. Even without the four-point enhancement, Hope still would have merited armed career criminal status pursuant to advisory USSG § 4B1.4(b)(3)(B). Therefore, trial counsel focused his (and the court's) attention on the predicates for the recommended armed career criminal designation.

B. <u>Failure to Successfully Challenge Armed Career Criminal Status</u>

Notwithstanding Hope's use of legal terminology and extensive case analysis, the gravamen of his motion is that his court-appointed lawyer rendered ineffective assistance because Hope was deemed to be an armed career criminal, under 18 U.S.C. § 924(e). That statute provides, in pertinent part, that "[i]n the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," a mandatory term of imprisonment is required. Hope qualified for armed

career criminal treatment because of the criminal record he had amassed before being sentenced in this case, not because of any shortcoming of his lawyer.

Hope's Indictment contained a specific allegation that he qualified for armed career criminal treatment. Before accepting Hope's guilty plea, the undersigned personally advised Hope in open court of the penalties he would face if he were found to be an armed career offender. Hope's Memorandum of Plea Agreement, most of which was read aloud in court at his arraignment, includes the notice that if his "criminal history subjects him to the sentencing enhancement of 18 U.S.C. § 924(e), then the [alternate] penalties," including a 15-year minimum sentence and a maximum sentence of life, would apply. Hope stated under oath that he understood the minimum and maximum penalties and that the terms of the plea agreement were correct.

Moreover, Hope's attorney *did* object to use of the specific convictions as predicates for armed career criminal status, but the objections were overruled at the sentencing hearing. That trial counsel was unsuccessful in persuading this court to ignore Hope's predicate convictions is no ground for relief from the sentence imposed. Nor was Hope's appellate counsel ineffective for refusing to raise a frivolous ground for relief on direct appeal.

Furthermore, Hope's discussion of cases rejecting "DUI" and "failure to report for confinement" convictions as predicates for armed career criminal designation is not relevant to the record in his own case. The undersigned made clear during Hope's sentencing hearing that his criminal record, which includes convictions for voluntary manslaughter, unlawful firearms possessions, multiple drug possession and trafficking felonies, assaults on women and law enforcement officers, breaking or entering on

several occasions, and several dangerous driving offenses, demonstrated the failure of previous terms of incarceration to make an impression on him. Hope's attorney did not render constitutionally deficient assistance of counsel by failing to eliminate the effects of Hope's lengthy criminal record.[1]

C. <u>Guideline Range Computation</u>

Hope's "third point of error" argument merely re-packages his previous arguments with pages and pages of general legal analysis. He states no additional factual ground for § 2255 relief.

**CONCLUSION**

The court's careful consideration of the parties' motions, the memoranda filed in support thereof, and the record of this case leads to the conclusion that Hope's § 2255 motion entitles him to no relief from his sentence. His appointed attorney was not constitutionally ineffective in representing him in the district or appellate courts. Accordingly, the Government's Motion to Dismiss [DE-51] is ALLOWED and this action is DISMISSED. The court finds no ground for issuance of a certificate of appealability, and a request for such certificate is DENIED.

---

[1] Hope argues in a footnote that the "Fourth Circuit erred when it determined that Hope was required to over come [sic] 'the presumption of reasonableness that attache[d] to his sentence.' " Memorandum [DE-46], p. 9, n.19. However, the "reasonableness presumption," or '*Rita* presumption,' is a recognized *appellate* standard, and Hope's lawyer's failure to seek a writ of certiorari based on an argument to the contrary did not amount to ineffective assistance of appellate counsel. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) (" 'We repeat that the presumption before us is an appellate court presumption . . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply" (quoting *Rita v. United States*, 551 U.S. 38, 351 (2007)).

SO ORDERED.

This, the 31st day of October, 2011.

                                    JAMES C. FOX
                                    Senior United States District Judge